(55 South. 572.)

No. 18,897.

STATE ex rel. BOOTH v. POLICE JURY OF EAST BATON ROUGE.

(June 5, 1911.)

*(Syllabus by the Court.)*

MINORS—JUVENILE COURTS—PROBATION OFFICER—COMPENSATION.

The police jury of the parish of East Baton Rouge is empowered to fix the salary of the probation officer appointed by the judge of the juvenile court in and for said parish. The fixing of the compensation of such officer is not a judicial function.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 17.*]

Case Certified from Court of Appeal, First Circuit.

Action by the State, on the relation of William H. Booth, against the Police Jury of East Baton Rouge. Statement of facts submitted by the Court of Appeal. Questions answered.

LAND, J. Our learned Brothers of the Court of Appeal have submitted for our consideration the following statement of facts and questions of law, to wit:

"On the 14th of March, 1910, the district judge in and for the parish of East Baton Rouge, acting under section 7 of Act No. 83 of 1908, the act creating juvenile courts, appointed W. H. Booth probation officer of the said parish of East Baton Rouge, and fixed his salary at $100 per month. This salary was paid by the police jury of East Baton Rouge for three consecutive months, when the said police jury came to the conclusion that the district judge had no authority to fix the salary of the probation officer, but that such authority was vested by law in the police jury. Thereupon the police jury fixed the said salary at $50 per month, and refused to pay more than this amount to the probation officer. The latter received the salary so fixed under protest, and now seeks by mandamus proceedings against the police jury to compel that body to pay him the salary as fixed by the district judge.

"Act No. 83 of 1908 is silent on the question of the compensation of the probation officer. Section 20 provides that all expenses incident to the operation of juvenile courts, except the salary of the judge, shall be paid by the parishes. Questions on which instruction is requested:

"(1) Who, if anybody, has the right to fix the salary of the probation officer under Act No. 83 of 1908?

"(2) Has the judge, who can exercise none but judicial functions, as specially provided in article 96 of the Constitution of 1898, the right or power to fix such salary?

"(3) If the judge has no such power, has the police jury, as a body of special and limited powers, the right or power to fix such salary?"

Act No. 83 of 1908, as amended by Act No. 48 of 1910, has been adopted as an amendment to the Constitution of 1898. See Act No. 135 of 1910, entitled "A joint resolution, proposing an amendment," etc. Hence all the provisions of Act No. 83 of 1908, as amended, have the force and effect of constitutional laws. The said act created a separate juvenile court in the parish of Orleans, and provided for the election of a judge thereof, and empowered him to appoint "probation officers." The act defines the duties of such officers, and invests them with all the power and authority of sheriffs to make arrests and perform other duties incident to their office. Section 4 reads as follows:

"That the city council of New Orleans is authorized to provide the necessary help to conduct the business of the court, and to provide for the expense thereof."

We are informed that under this section the city council has by ordinance fixed the salary of the probation officer of said juvenile court.

Section 6 of the same act constitutes each district court, outside of the parish of Orleans, a juvenile court. The second paragraph of said section, as amended, reads as follows:

"Said court may sit in chambers, and shall hold its session irrespective of the terms of court, provided that the expenses entailed by sections 7, 11 and 16 shall not be mandatory in country parishes, except in those parishes wherein there is a city of over seven thousand population."

Section 7 reads as follows:

"That the respective judges of said district courts outside the parish of Orleans shall have authority to appoint one or more discreet persons of either sex to serve as probation officers."

The expense entailed by this section is evidently the compensation of probation officers so appointed. Section 20 reads:

"That the expenses incident to the operation of the courts provided for herein other than the salary of the judges shall be paid by the respective parishes."

Section 21 declares that the provisions of this act shall be liberally construed, to the end that its purposes may be carried out.

The foregoing provisions make it clear that the lawmaker contemplated that probation officers should be compensated for their services by the respective parishes. The only debatable question is whether the compensation shall be fixed by the judge or the police jury. It is evident that no additional legislation was contemplated, as the act was passed at the session of 1908, and provides that it shall go into effect on the 1st day of January, 1909. The law being silent on this subject, the question must be solved on the general principle that:

"The amount of compensation is, in the absence of other provision, to be fixed by the Legislature." 29 Cyc. 1426, citing People v. Crissey, 91 N. Y. 616; Cricket v. State, 18 Ohio St. 9.

Under Act No. 83 of 1908, the police jury takes the place of the Legislature. Courts have no inherent power to fix the salaries or fees of their officers. No such power has ever been exercised in this state, and it cannot be deduced from the power to appoint. This court appoints its clerk, but his fees have always been fixed by law. The doctrine that the amount of the compensation of a public officer must be fixed by statute has been extended to the total denial of compensation for meritorious services where none is provided by statute. 23 A. & E. Ency. Law (2d Ed.) 390. In the case at bar however, the statute makes it the mandatory duty of the police jury to pay the expense entailed by the appointment of the probation officer. Such expense necessarily refers to compensation for his services, as all other expenses incidental to the operation of the court are covered by other sections of the act. As the amount of compensation must be ascertained before it can be paid, the duty to fix the amount devolves either on the police jury or the judge, and, as such duty is legislative in its character, we conclude that it devolves on the police jury.

We therefore answer that the police jury of the parish of East Baton Rouge has the right and power to fix the salary of the probation officer appointed by the judge of the juvenile court of said parish.